UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DIRUBY FOSTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:15-cv-0030-WTL-WGH |
| ) | |
| WARDEN CARAWAY, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

**I.**

Having considered the pleadings and the expanded record, and being duly advised, the court finds that the petition of Diruby Foster for a writ of habeas should be denied. This disposition of the petition is compelled by the following facts and circumstances:

1. Foster was convicted in 2004 in the United States District Court for the Eastern District of Michigan of a firearms offense and of a drug offense. *See United States v. Foster*, 127 Fed. Appx. 853 (6th Cir.), *cert. den.* 546 U.S. 923 (2005). His ineffective assistance of counsel challenge to his guilty plea, filed pursuant to 28 U.S.C. § 2255, was denied by the trial court in *Foster v. United States*, 2006 WL 2228990 (E.D.Mich. July 31, 2006). Other challenges were brought and rejected as noted in this Entry.

2. A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States,* 417 U.S. 333, 343 (1974), although 28 U.S.C. § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction

or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

3. Foster seeks a writ of habeas corpus pursuant to § 2241. As the court understands his petition, Foster's claims are that (1) there is new circuit law which may give him stronger arguments to invalidate provisions of his plea agreement, (2) the course of proceedings in *Persaud v. United States,* 134 S. Ct. 1023 (Jan. 27, 2014), entitles him to relief, and (3) his conviction is invalid because of the decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In his reply to the respondent's return to show cause, Foster cites the recent invalidation of the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

4. The respondent's argument that Foster's habeas petition should be rejected as repetitious of other habeas petitions is **rejected.**

5. Nonetheless, Foster is not entitled to the relief he seeks:

a. His claim of stronger arguments to challenge his guilty plea does not satisfy the first or third factors of *Brown v. Caraway.*

b. *Persaud v. United States,* 134 S. Ct. 1023 (Jan. 27, 2014), is of no precedential value because the Supreme Court did not issue a decision on the merits but instead remanded the case to the Fourth Circuit Court of Appeals in light of the Solicitor General's position. *Sharbutt v. Vasquez,* 600 Fed. App'x. 251, 252 (5th Cir. 2015). In Foster's case, moreover, there is no indication that he was sentenced to a mandatory minimum sentence or that Foster was otherwise unable to challenge any enhanced sentence in an action for relief pursuant to 28 U.S.C. § 2255. *See United States v. Surratt,* No. 14-6851 (4th Cir. July

31, 2015); *King v. Terris*, No. 14-CV-14627, 2015 WL 3888163, at *6 (E.D.Mich. June 24, 2015).

c.  Foster's reliance on *Alleyne* is likewise of no avail to him. "*Alleyne* does not apply retroactively." *Crayton v. United States*, No. 13-3548, 2015 WL 3895767, at *1 (7th Cir. June 25, 2015). Apart from this, Foster's convictions were entered based on the court's acceptance of the plea agreement between Foster and the United States.

d.  As to the invalidation of the residual clause of the ACCA in *Johnson,* it does not appear that Foster's sentence was enhanced under the ACCA. Even if that occurred, moreover, of the makes no difference in the present case. *Johnson* invalidated the residual clause of the ACCA on the basis of constitutional due process. It is not a case of statutory interpretation. Whether some avenue exists for the petitioner to see redress pursuant to 28 U.S.C. § 2255(h) cannot be determined here, but it is apparent from the face of his petition that he cannot satisfy the *Brown* test referenced above in order to proceed pursuant to 28 U.S.C. § 2241.

6.  Based on the foregoing, Foster has sought relief pursuant to 28 U.S.C. § 2241 in circumstances which do not permit the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/4/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

DIRUBY FOSTER
30666-039
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808